**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

TASHEEMA CALLENDER,

Plaintiff,

v. Case No.: 3:25-cv-30155

METROCARE OF SPRINGFIELD

Defendant

______________________________/

**ANSWER TO COMPLAINT & JURY DEMAND**

Defendant, Metrocare of Springfield, ("Defendant" or "Metrocare"), by and through undersigned counsel, respectfully submits the following Answer and Affirmative Defenses to Plaintiff's Complaint & Jury Demand ("Complaint"). Metrocare denies each and every allegation unless specifically admitted, qualified, or otherwise answered herein. Metrocare states and alleges as follows:

**PRELIMINARY STATEMENT[1]**

Metrocare asserts that Plaintiff's Preliminary Statement requires no response. To the extent that a response is deemed to be required, Metrocare denies the allegations contained in Plaintiff's Preliminary Statement and denies that it is liable to Plaintiff and that Plaintiff has suffered any damages due to any unlawful conduct by Metrocare.

**PARTIES**

1. Metrocare admits that Plaintiff's name is Tasheema Callender. Metrocare denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint due to a lack of information sufficient to form a reasonable belief in the truth of the allegations therein.

2. Metrocare admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3. Metrocare denies the allegations contained in Paragraph 3 of Plaintiff's Complaint due to a lack of information sufficient to form a reasonable belief in the truth of the allegations therein.

4. Admit.

5. Metrocare neither admits or denies the allegations contained in this paragraph as it calls for a legal conclusion.

6. Metrocare admits a claim was filed with the EEOC, although it was never served with a copy of said complaint.

7. Metrocare has insufficient information to either admit or deny this allegation.

8. Metrocare has insufficient information to either admit or deny this allegation.

9. Admit.

10. Denied.

11. Metrocare has insufficient information to either admit or deny this allegation.

12. Metrocare admits that it believes at some point Plaintiff applied for PFML.

13. Denied.

14. Metrocare has insufficient information to either admit or deny this allegation.

15. Metrocare has insufficient information to either admit or deny this allegation.

16. Metrocare has insufficient information to either admit or deny this allegation.

17. Denied.

18. Denied.

19. Denied.

20. Admit.

21. Denied.

22. Denied.

23. Admitted in part, but also note that this for a short period of time. Both the supervisor and the human resources were not working for MetroCare upon Plaintiff's return

24. Denied.

25. Metrocare has insufficient information to either admit or deny this allegation.

26. Metrocare has insufficient information to either admit or deny this allegation.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendant admits Plaintiff was terminated, Defendant denies remaining allegations.

36. Denied.

**COUNT I**

37. Defendant neither admits or denies paragraph 37.

38. Metrocare has insufficient information to either admit or deny this allegation.

39. Metrocare has insufficient information to either admit or deny this allegation.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT II

50. Defendant neither admits or denies paragraph 50.

51. Calls for legal conclusion, Defendant neither admits nor denies.

52. Calls for legal conclusion, Defendant neither admits nor denies.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## COUNT III

63. Defendant neither admits or denies paragraph 63.

64. Denied.

65. Denied.

66. Admit.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT IV

72. Defendant neither admits or denies paragraph 72.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Defendant admits it terminated Plaintiff for proper and legal reasons.

78. Denied.

## PRAYERS FOR RELIEF

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## DEMAND FOR JURY TRIAL

Metrocare avers that at least some of the issues presented by Plaintiff are not triable by a jury and, thus, denies that Plaintiff is entitled to a jury trial as to all issues arising from Plaintiff's

Complaint. Metrocare hereby demands a jury trial on all counts so triable.

## AFFIRMATIVE DEFENSES

Metrocare incorporates Paragraphs 1 through 84 of its Answer as if set forth herein at length.

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In addition, Metrocare, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon Metrocare, but, to the contrary, asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, Metrocare does not admit, in asserting any defense, any responsibility or liability of Metrocare but, to the contrary, specifically denies any and all allegations of responsibility and liability in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Metrocare discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant any action under company policy, practice, or procedure, Plaintiff's alleged damages will be limited in accordance with the

after acquired evidence doctrine.

**THIRD AFFIRMATIVE DEFENSE**

Metrocare denies any and all liability to Plaintiff and further denies that Plaintiff has suffered any damages. However, if liability is established, Metrocare is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings Plaintiff could have earned had he made a reasonable effort to mitigate her damages as required by law. Metrocare is also entitled to any other additional offsets permissible under all applicable laws.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has failed to reasonably mitigate her alleged damages as required by law, he is not entitled to an award of back pay or front pay.

**FIFTH AFFIRMATIVE DEFENSE**

Any decisions concerning Plaintiff's employment were based on legitimate, nondiscriminatory, non-retaliatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from maintaining this action against Metrocare because Plaintiff's injuries and/or damages, if any, were proximately caused, in whole or in part, by unforeseeable, independent, intervening, and/or superseding events and/or by the unforeseeable, independent, intervening, and/or superseding acts and/or omissions of persons and/or entities other than Metrocare, over whom Metrocare had no control.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for compensatory and punitive damages are subject to all applicable limitations and caps on the recovery of such damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has not alleged and cannot prove the level of conduct necessary to state a claim for punitive damages. Alternatively, Plaintiff's claim for punitive damages is barred by the defense set forth in *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), in that Metrocare has anti-discrimination policies, makes reasonable efforts to educate employees about its anti-discrimination policies and the prohibitions of state civil rights laws, and makes reasonable efforts to enforce the anti-discrimination policies. Therefore, Metrocare denies any and all liability for punitive damages for any alleged acts of its employees which are contrary to Metrocare's good faith efforts to comply with state law.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Metrocare employees were acting outside the course and scope of their employment, Metrocare is not liable for their actions.

**TENTH AFFIRMATIVE DEFENSE**

If and only if Plaintiff can establish that any alleged harasser was a "supervisor" under the law, then Metrocare exercised reasonable care to prevent and promptly correct any alleged harassment or discrimination, and Plaintiff unreasonably failed to take advantage of either preventive or corrective opportunities provided by Metrocare or to otherwise avoid harm. To the extent that Plaintiff alleges she availed herself of any such reporting or complaint procedures, any such report or complaint was promptly and adequately investigated, and appropriate remedial measures were taken, if necessary.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or justification.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks recovery for alleged injuries arising out of her employment (including but not limited to emotional distress damages), the exclusive remedy for such injury, if any, is the Massachusetts Workers' Compensation Law. The Court lacks subject matter jurisdiction over any and all such claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has failed to exhaust her administrative remedies with regard to some or all of the claims asserted for which exhaustion is required under federal and/or state law, such claims are barred. Additionally, all claims not made the subject of a charge timely filed with the appropriate federal and/or state agency are time-barred.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Damages, if any, were the result of Plaintiff's own actions and/or inactions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot make out a *prima facie* case of discrimination, *quid pro quo* harassment, hostile work environment, or retaliation under federal or state law and no facts exist to support such claims.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Metrocare denies every allegations, whether express or implied, that is not unequivocally and specifically admitted in this Answer and Affirmative Defenses.

**METROCARE'S RIGHT TO ATTORNEY FEES**

Plaintiff's claims are frivolous and were brought in bad faith and without any reasonable foundation in law or fact. Metrocare is entitled to recover the reasonable costs and attorney fees it incurred in defending against these meritless claims, pursuant to and 42 U.S.C. § 1988 and

Massachusetts law.

Metrocare reserves the right to amend this Answer and Affirmative Defenses to assert any additional defenses, if and when, in the course of its investigation, discovery, or preparation for trial, such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

WHEREFORE, Metrocare prays that this Answer and Affirmative Defenses to Plaintiff's Complaint be deemed good and sufficient, and that after due proceedings, there be judgment in favor of Metrocare and against Plaintiff, dismissing all claims asserted therein with prejudice, and that costs be assessed against Plaintiff, together with such further relief as the Court deems just and proper.

Respectfully submitted,

METROCARE OF SPRINGFIELD

By its Attorney

*/s/ Christopher M. Waterman*

Christopher Waterman, BBO# 641190
cwaterman@watermanemploymentlaw.com
Waterman Employment Law Group, LLC
71 Commercial Street, #234
Boston, MA 02109
Telephone: (617) 665-8828

Dated: November 18, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed on this day through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non registered participants.

*/s/ Christopher M. Waterman*
Christopher M. Waterman